# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 4:11-CR-166 |
| | § | Judge Crone |
| | § | |
| HERB WHOSHAY ANDERSON (14) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress (Dkt. #536). Having considered the relevant pleadings, and the argument of counsel, the Court finds that the motion should be denied.

The facts are not in dispute. On July 14, 2011, a confidential source was utilized by the Greenville Police Department to conduct an undercover buy at 2214 Marshall Street, Greenville, Texas, the residence of Defendant. An undercover source wore a concealed video camera and microphone to conduct the undercover drug transaction at Defendant's residence. There is also a video of the transaction, which has been produced to the defense through discovery. During the undercover buy, the source is seen approaching and entering the residence at 2214 Marshall Street. Defendant asserts that it is not very clear who opens the door from the inside since the face of the person opening the door is not videotaped, but the Government contends that it is Defendant. The transaction is completed within the residence and the source leaves, allegedly with an amount of crack cocaine which is seized by the Greenville Police Department along with the video of the transaction.

A warrant for Defendant was not obtained on this date and he was not arrested. The

investigators did not return to 2214 Marshall Street and conduct a search of the residence on this date.

On April 8, 2013, Defendant filed a motion to suppress (Dkt. #536). On April 18, 2013, the Government filed a response (Dkt. #558). On May 10, 2013, the Court held a hearing on the motion.

At the hearing, the Government asserted that Defendant needed to demonstrate a privacy interest in the residence in question. "'Fourth Amendment rights are individually held and cannot be asserted solely by reference to a particular place;' rather they may be enforced only by persons whose own protection under the Amendment has been violated." *United States v. Phillips*, 382 F.3d 489, 495 (5th Cir. 2004) (citing *United States v. Vega*, 221 F.3d 789, 797 (5th Cir. 2000)). Therefore, Defendant "must demonstrate that he had an individual subjective and legitimate expectation of privacy" in the Residence "in order to establish that his Fourth Amendment rights were violated." *Vega*, 221 F.3d at 798. Defendant must also demonstrate that the expectation of privacy is one which society would recognize as reasonable. *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990). Defendant "bear[s] the burden of establishing such an expectation by a preponderance of the evidence." *Vega*, 221 F.3d. at 795.

An expectation of privacy is "reasonable inasmuch as it [has] a source outside of the Fourth Amendment by reference to both concepts of real property law and understandings that are recognized and permitted by society." *Id*. (citing *Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978)). "The following factors are considered in the determination whether an interest is protected by the Fourth Amendment: whether the defendant has a possessory interest in the thing seized or the place searched, whether he has a right to exclude others from that place, whether he has exhibited a subjective expectation of privacy that it would remain free from governmental intrusion, whether

he took normal precautions to maintain privacy and whether he was legitimately on the premises." *Id.* at 795-96 (citing *U.S. v. Ibarra*, 948 F.2d 903, 906 (5th Cir. 1991)).

Defendant attempted to establish his standing by offering testimony from Greenville Police Officer Warren Mitchell. Officer Mitchell testified that the residence was not livable and the residence was not owned by Defendant. Officer Mitchell stated that Defendant's residence with his family was elsewhere and he had never seen Defendant's family at the 2214 Marshall Street address. Defendant offered no other testimony or evidence. The Court finds that Defendant has failed to establish that he has standing to challenge any search of the residence in question.

Defendant's motion asserts that the entering of the home by the undercover source with a concealed video and microphone was essentially an entrance by police officers. Defendant argues that the use of an undercover source was means by the Greenville Police Department to circumvent the Fourth Amendment requirement of a valid search warrant based upon probable cause when entering Defendant's residence.[1]

The Government responds that the Fourth Amendment is not implicated because no search of the residence was conducted and that a confidential informant entering the residence to purchase cocaine base from Defendant does not constitute a search of the residence.

The law is clear that there is no violation of the Fourth Amendment by the use of an undercover source using video or audio equipment upon entering a defendant's home. *United States v. Brathwaite*, 458 F.3d 376, 380 (5th Cir. 2006). The Fifth Circuit explained as follows:

> It is clear that audio surveillance by or with the consent of a government informant does not constitute a search. *United States v. White*, 401 U.S. 745 (1971). The Fourth

---

[1] Although Defendant does not have standing, the Court will address whether there was a Fourth Amendment violation.

> Amendment does not protect "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id.* at 749 (internal quotations omitted). Furthermore, [i]f the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks. *Id.* at 751. The Court stated that no evidence existed to show that a defendant's utterances would be substantially different whether he thought it possible his companion was cooperating with the police or whether he thought the companion was wired for sound. *Id.* at 752–53... Furthermore, the Court held that the defendant does not have a Fourth Amendment right to prevent an electronic rendition simply because it is "a more accurate version of the events in question." *Id.* at 753

*Id.*, 458 F.3d at 380.

The Fifth Circuit continued:

> In the case at hand, we are unable to find a constitutionally relevant difference between audio and video surveillance. Once [Defendant] invited the CI into his home, he "forfeited his privacy interest in those activities that were exposed to [the CI]." *United States v. Davis*, 326 F.3d 361, 366 (2d Cir. 2003), *cert. denied*, 540 U.S. 908 (2003); *see also United States v. Lee*, 359 F.3d 194, 201 (3d Cir.2004), *cert. denied*, 543 U.S. 955 (2004) ("The principle underlying the governing Supreme Court cases is that if a defendant consents to the presence of a person who could testify about a meeting and is willing to reveal what occurs, the defendant relinquishes any legitimate expectation of privacy with respect to anything ... the testimony could cover."). The videotape evidence here only depicted what was viewable by the CI, to whose presence [Defendant] consented. *See Davis*, 326 F.3d at 366..."Although video surveillance may involve a greater intrusion on privacy than audio surveillance, the difference is not nearly as great as the difference between testimony about a conversation and audio recordings of conversations." *Id.* at 202. Because [Defendant] did not retain a privacy interest in the areas captured by the video surveillance conducted by an invited visitor, we hold that no Fourth Amendment violation occurred.

*Id.* at 380-81.

Thus, in this case, the Fourth Amendment does not require the police to obtain judicial authorization to send an informant wearing an electronic surveillance device into the home of another person. Defendant's motion to suppress should be denied.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's Motion to Suppress (Dkt. #536) be **DENIED**.

Within five (5) days[2] after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of May, 2013.**

---

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[2] By agreement of the parties, the time to file objections was reduced from fourteen days to five.